# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**SHANRIE COMPANY, INC., et al.,**

**Defendants.**                               **No. 07-CV-491-DRH**

### ORDER

**HERNDON, Chief Judge:**

### I. Introduction

On July 7, 2007, the United States filed a Complaint alleging that Defendants had failed to design and construct seven two-story apartment buildings in the Rockwood Subdivision of Shiloah, Illinois in compliance with the accessibility requirements of the Fair Housing Act ("FHA"), **42 U.S.C. §§ 3601-3619**. (Doc. 2.) This matter comes before the Court now on a motion to dismiss filed by Defendants Mark Twain Trust, Pamela Bauer, and Brian Bauer. (Doc. 16.) The United States filed a response in opposition. (Doc. 24.) For the following reasons, the Court **DENIES** Defendants Mark Twain Trust, Pamela Bauer, and Brian Bauer's motion to dismiss. (Doc. 16.)

### II. Analysis

**A. Legal Standard**

Although not explicitly stated, the Court assumes that Defendants bring

their motion to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** for failure to states a claim. When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**. **Rule 8** states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. In a recent opinion issued on May 21, 2007, the Supreme Court held that **Rule 8** requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a **Rule 12(b)(6)** motion. *Bell Atlantic Corp. v. Twombly*, \_\_ U.S. \_\_, 127 S. Ct. 1955, 1974 **(2007).** In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* **at 1964-65 (quoting** *Papasan v. Allain*, **478 U.S. 265, 286 (1986)).** The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

*E.E.O.C. v. Concentra Health Services, Inc.*, **2007 WL 2215764, 2 (7th Cir. 2007) (citations omitted).**

**B. Extrinsic Documents**

Attached to Defendants' motion to dismiss is an affidavit by Brian Bauer ("Affidavit"). (Doc. 16, Ex. 1.) As an initial matter, the Court must determine whether the motion to dismiss should be converted into a motion for summary judgment and whether the affidavit is considered an extrinsic document. As a general rule, when considering a **Rule 12(b)(6)** motion, the Court may only consider the complaint; if the Court considers extrinsic materials, the motion must be converted into a motion for summary judgment. **Fed. R. Civ. P. 12(b)(6)**. At this stage of the litigation, the Court finds that it would be premature to convert Defendants' motion to dismiss into a motion for summary judgment. The question then is whether the Affidavit is considered extrinsic or not. While it is true that not all documents attached to a motion to dismiss are considered extrinsic, most are. The Seventh Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." ***Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).** Applying that rule in this case, it is clear that the Affidavit is outside of the pleadings and, therefore, must be excluded by the Court.

**C. Analysis**

Defendants assert that Mart Twain Trust "no longer exists as an entity and is not the owner of the property which is the subject matter of Plaintiff's

Complaint" and that Pamela Bauer and Brian Bauer "have never been owners of the premises which are the subject matter of Plaintiff's Complaint." (Doc. 16.) The United States responds that it has alleged sufficient facts to state claims against Mark Twain Trust, Pamela Bauer, and Brian Bauer to satisfy the pleading requirements under the FHA and the pleading standard set forth in *Twombly*. The Court agrees.

The United States' Complaint alleges that Defendants Mark Twain Trust, Pamela Bauer, and Brian Bauer own the properties located on Rockwood Court - the properties at issue in this case - and that they have owned these properties since their design and construction. (Doc. 2, ¶¶ 12-14.) The FHA mandates that all covered dwelling units must be designed and constructed in compliance with the accessibility requirements of the Act. **42 U.S.C. § 3604(f)(3)(C).** In an Order entered on March 30, 2007 in a related case, *United States v. Shanrie, Case No. 05-cv-306-DRH*, this Court adopted the reasoning of the district court in ***Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 3 F.Supp. 2d 661 (D. Md. 1998)**, which found that when:

> a group of entities enters into the design and construction of a covered dwelling, all participants in the process as a whole are bound to follow the FHAA . . . In essence, any entity who contributes to a violation of the FHAA would be liable. By this, the Court does not suggest that all participants are jointly and severally liable for the wrongful actions of others regardless of their participation in the wrongdoing, but rather, that those who are wrongful participants are subject to liability for violating the FHAA.

*Id*. **at 665.** Therefore, anyone who participates in the design and construction of a covered unit is a proper defendant under the FHA. Defendants do not argue that

Defendants Mark Twain Trust, Pamela Bauer, and Brian Bauer were not involved in the design and construction of the properties at issue in this case; rather, they simply assert that Mark Twain Trust no longer exists and that Pamela and Brian Bauer have never owned the properties *in their own names*. Defendants raise both factual and legal disputes - neither of which are appropriate for the Court to determine at this stage. Rather, a **Rule 12(b)(6)** motion simply tests whether the complaint has given the parties fair notice of claims and whether the plaintiff has stated a claim that is "plausible" on its face. The Court finds that the claims stated against Defendants Mark Twain Trust, Brian Bauer, and Pamela Bauer satisfy both of these requirements. Accordingly, Defendants Mark Twain Trust, Pamela Bauer, and Brian Bauer's motion to dismiss is **DENIED**. (Doc. 16.)

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Mark Twain Trust, Pamela Bauer, and Brian Bauer's motion to dismiss. (Doc. 16.) All claims shall proceed.

**IT IS SO ORDERED.**

Signed this 28th day of April, 2008.

/s/     *David R Herndon*

**Chief Judge**
**United States District Court**