IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHANRIE Co., INC., DAN SHEILS,
NETEMEYER ENGINEERING
ASSOCIATES, INC., FOREST HILLS, L.P.,
THE MARK TWAIN TRUST,
PAMELA BAUER, and BRIAN BAUER,            No. 07-491-DRH

Defendants,

and

NETEMEYER ENGINEERING
ASSOCIATES, INC., FOREST HILLS, L.P.,
MARK TWAIN TRUST, PAMELA BAUER,
and BRIAN BAUER,

Defendants/Third-Party Plaintiffs,

v.

RHUTASEL AND ASSOCIATES, INC.,
L&S BUILDERS DESIGN, INC., HENDERSON
ASSOCIATES ARCHITECTS, INC.,
THOUVENOT, WADE & MOERCHEN, INC.,
and BUILDERS DESIGN HOLLANDER
ARCHITECTS, P.C.,

Third Party Defendants.

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

## I. Introduction

On July 7, 2007, the United States filed a Complaint alleging that Defendants had failed to design and construct seven two-story apartment buildings in the Rockwood Subdivision of Shiloh, Illinois in compliance with the accessibility requirements of the Fair Housing Act ("FHA"), **42 U.S.C. §§ 3601-3619** (Doc. 2). On April 17, 2008, Defendants/Third-Party Plaintiffs Netemeyer Engineering Associates, Inc., Forest Hills, L.P., Mark Twain Trust, Pamela Bauer, and Brain Bauer ("Third-Party Plaintiffs") filed a Third-Party Complaint against Third-Party Defendants Rhutasel and Associates, Inc., L&S Builders Design, Inc., Henderson Associates Architects, Inc., Thouvenot, Wade & Moerchen, Inc., and Builders Design Hollander Architects, P.C. ("Third-Party Defendants") seeking contribution and indemnification from Third-Party Defendants for the alleged violations of the FHA. This matter comes before the Court now on motions to dismiss filed by Thouvenot, Wade & Meorchen, Inc. (Doc. 51), Builders Design Hollander Architects, P.C. (Doc. 72), Henderson Associates Architects, Inc. (Doc. 76) and L&S Builders Design, Inc. (Doc. 80).[1] Third-Party Plaintiffs filed responses in opposition (Docs. 53, 75, 98, & 84 respectively). For the following reasons, the Court **GRANTS** Third-Party Plaintiffs' motions to dismiss (Docs. 51, 72, 76, & 80).

---

[1] The Court notes that Third-Party Defendant Rhutasel and Associates, Inc., was voluntarily dismissed by Third-Party Plaintiffs.

## II. Analysis

### A. Legal Standard

Defendants bring their motions to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** for failure to state a claim. When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**. **Rule 8** states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. In a recent opinion issued on May 21, 2007, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007).** In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do...." ***Id.* at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).** The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the...claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level'; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted).**

**B.     Analysis**

Third-Party Defendants assert that the FHA does not provide a right to contribution or indemnity and that there "is no Federal Common Law right to contribution or indemnity, which would allow this claim to proceed." Third-Party Plaintiffs respond that there is a compelling reason to suppose that the legislature would want the right of contribution to be enforced. The Court disagrees.

The Seventh Circuit has been "reluctant to recognize a right of contribution as a matter either of federal common law or of statute." **See *Anderson v. Griffen*, 397 F.3d 515, 523 (7th Cir. 2005).** The Seventh Circuit has noted that "all that a right to contribution does is add to the costs of litigation, and so unless there is a compelling reason to suppose that the legislature would want such a right to be enforced...it will not be." ***Id.*** However, the Seventh Circuit has not addressed the specific issue of whether there is a right to contribution or indemnity under the FHA. To date, the only courts to have addressed the issue are ***United States v. Quality Built Constr. Inc.*, 309 F.Supp.2d 767 (E.D.N.C. 2003)** and ***United States v. Gambone Bros. Development Co.*, No. 06-1386, 2008 WL 4410093 (E.D.Pa. Sept. 25, 2008).**[2] This Court is persuaded by the reasoning in those cases,

---

[2] The Court in ***Gambone Bros***. based its holding on the analysis in ***Quality Built***.

which are based on the Supreme Court's holding in ***Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77, 101 S. Ct. 1571, 67 L.Ed.2d 750 (1981)**, that no action for contribution is allowed under the Equal Pay Act or Title VII of the Civil Rights Act.

*Quality Built* involved a claim by a builder, liable under the FHA, for contribution against an architect whose liability had previously been resolved via a consent order. Although *Northwest Airlines* did not involve a contribution claim under the FHA, the Court in *Quality Built* sought guidance from the decision since the matter involved similar tenants of statutory construction. In *Northwest Airlines*, the Court first looked at the language of the statute, finding that "it cannot possibly be said that employers are members of the class for whose especial benefit either the Equal Pay Act or Title VII was enacted." **451 U.S. at 92, 101 S.Ct. at 1581.** Next, the Court reviewed the structure of the statute, finding that "[t]he comprehensive character of the remedial scheme expressly fashioned by Congress strongly evidences an intent not to authorize additional remedies." **Id. at 93-94, 101 S.Ct. at 1582.** Finally, the Court considered the legislative history "to see whether there was anything in the history that would support a right to contribution." ***Quality Built*, 309 F.Supp.2d at 778.** The Court concluded that "unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." ***Northwest Airlines*, 451 U.S. at 94, 101 S.Ct. at 1582.**

Following the guidance set forth in *Northwest Airlines*, the Courts in *Gambone Bros.* and *Quality Built* came to a similar conclusion under the FHA. The Courts found that a defendant who is itself liable under the FHA is "clearly not among the class which the statute is intended to protect, but rather [is] the [party] whose conduct the statute was intended to regulate." **Quality Built, 309 F.Supp.2d at 778.** In the case at bar, it is clear that the Third-Party Plaintiffs are not members of the class Congress sought to protect through the enacting of the FHAA. The definition for an aggrieved person entitled to bring an action under the FHAA includes "any person who: 1) claims to have been injured by a discriminatory housing practice; or 2) believes that such a person will be injured by a discriminatory housing practice that is about to occur." **42 U.S.C. § 3602(i).** Discriminatory housing practice encompasses a discriminatory act against the handicapped. **42 U.S.C. § 3602(f).** Like in *Gambone Bros.* and *Quality Built*, the Third-Party Plaintiffs in this case are not handicapped persons, nor have they demonstrated that they have been discriminated against due to a handicap. Further, they do not meet the buyer, renter, or resident of a dwelling requirement under **42 U.S.C. § 3604(f)(1)**. See also *Gambone Bros.*, **No. 06-1386, 2008 WL 4410093, at *7.** Third-Party Plaintiffs also fail to meet the requirements for recovery under § 3604(f)(2) which is "predicated upon showing discrimination in the 'terms, conditions, or privileges of a sale or rental of a dwelling…because of a handicap….'" *Id.* **(quoting 42 U.S.C. § 3604(f)(2)).** Third-Party Plaintiffs have failed to show that

they, as an engineering firm and owners of the property on Rockwood Court, have been discriminated against due to a handicap in the course of buying or renting a dwelling.

Reviewing the structure of the statute, like the statutory scheme in *Northwest Airlines*, the FHAA is a comprehensive statute and nothing in its structure supports a right to contribution. **Quality Built, 309 F.Supp.2d at 778.** In structuring the FHAA, Congress failed to provide a contribution or indemnification remedy for one defendant against a third-party co-defendant. The failure to include such a remedy "raises the presumption that Congress deliberately intended that each co-defendnat have a non-indemnifiable, non-delegable duty to comply with the FHA." **Gambone Bros., No. 06-1386, 2008 WL 4410093, at *8. See also *Texas Indus. Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 645, 101 S.Ct. 2061, 2069 (1981) (the presumption that a remedy was deliberately omitted from a statute is the strongest).**

Finally, the legislative history does not support a stated or implied right to contribution for defendants. While Congress discussed the need for enhancing remedies in order to better combat discrimination, Congress decided to give HUD new powers in order to enforce the FHA, but did not discuss permitting co-defendants to seek contribution. **Id. (citing H.R.Rep. No. 100-711, at 16, reprinted in 1988 U.S.C.C.A.N. 2173, 2177).** Nothing in the legislative history suggests that Congress intended to give defendants a right to seek contribution or

indemnification from another party. ***Quality Built*, 309 F.Supp.2d at 779.**

Accordingly, under the *Northwest Airlines* analysis, the Court holds that there is no right to contribution or indemnification for defendants under the FHA. Third-Party Plaintiffs, however, argue that there is a compelling reason to suppose the legislature wanted the right of contribution to be enforced in the case before the Court and cites to this Court's Order in ***United States of America v. Shanrie Co.*, No. 05-306-DRH, 2007 WL 980418 (S.D.Ill. March 30, 2007)** for its proposition. In *Shanrie*, this Court, in denying a defendant's motion for summary judgment found that:

> Congress intended the FHAA to impose liability on more than just the developer or owner in light of the broad language in the statute...and the fact that there is no express limitation on possible defendants in the statute like there is in the American with Disabilities Act, a similar statute.

***U.S. v. Shanrie Co.*, No. 05-306-DRH, 2007 WL 980418, at \*6 (quoting *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 3 F.Supp.2d 661, 664 (D. Md. 1988)).** Third-Party Plaintiffs argue that not allowing contribution and indemnity would frustrate the purpose of the FHA because not all "wrongdoers" are being punished.

However, the case Third-Party Plaintiffs cite to involved a direct defendant, not a third-party claim for contribution. The matter in *Shanrie* did not involve contribution or indemnification from third-party defendants. As Third-Party Defendant Hollander Architects correctly points out, nothing in this Court's opinion

in *Shanrie* suggests that Congress would want a right of contribution to be enforced under the FHA. Further, Third-Party Plaintiffs have failed to cite to a single case where a defendant may assert contribution or indemnification from a third-party defendant.[3] This Court finds no evidence in the statute, the statutory structure, or the legislative history to suggest that Congress provided an express or implied right for contribution under the FHA. Therefore, the Court finds that the FHA does not provide for the right to contribution and indemnification and Third-Party Defendants motions to dismiss are hereby **GRANTED**.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Third-party Defendants' Thouvenot, Wade & Meorchen, Inc. (Doc. 51), Builders Design Hollander Architects, P.C. (Doc. 72), Henderson Associates Architects, Inc. (Doc. 76) and L&S Builders Design, Inc. (Doc. 80) motions to dismiss **with prejudice**.

**IT IS SO ORDERED.**

Signed this 23rd day of February, 2009.

/s/    David R Herndon
**Chief Judge**
**United States District Court**

---

[3] The Court notes that the Defendant in *Gambano Bros.* also argued that it fell within the broad range of "aggrieved persons" under the FHA and cited to several district court cases holding, like in *Shanrie*, that each of the participants in the design and construction process are liable under the FHA and have an independent duty to comply. The court in *Gambano Bros.*, however, noted that while the Defendants were correct in their assertion "each of [the] cases involved liability on a first-party claim under the FHA, not a derivative claim asserting contribution and indemnity" and none of the cases resolved the issue of whether the FHA grants a right to contribution and indemnification. *Gambone Bros.*, **No. 06-1386, 2008 WL 4410093, at *7, n.10.** The court in **Gambano Bros.** found that neither the statute nor the legislative history provided an express or implied right to contribution.