## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHANRIE Co., INC., DAN SHEILS,
NETEMEYER ENGINEERING
ASSOCIATES, INC., FOREST HILLS, L.P.,
THE MARK TWAIN TRUST,
PAMELA BAUER, and BRIAN BAUER,                    No. 07-491-DRH

Defendants,

and

NETEMEYER ENGINEERING
ASSOCIATES, INC., FOREST HILLS, L.P.,
MARK TWAIN TRUST, PAMELA BAUER,
and BRIAN BAUER,

Defendants/Third-Party Plaintiffs,

v.

RHUTASEL AND ASSOCIATES, INC.,
L&S BUILDERS DESIGN, INC., HENDERSON
ASSOCIATES ARCHITECTS, INC.,
THOUVENOT, WADE & MOERCHEN, INC.,
and BUILDERS DESIGN HOLLANDER
ARCHITECTS, P.C.,

Third Party Defendants.

## <u>ORDER</u>

HERNDON, Chief Judge:

On February 23, 2009, the Court entered an Order granting Third-Party

Defendants' Thouvenot, Wade & Moerchen, Inc., Builders Design Hollander Architects, P.C., Henderson Associates Architects, Inc., and L&S Builders Design, Inc's motions to dismiss Third-Party Plaintiffs' Complaint for contribution (Doc. 109). The Court found that the Fair Housing Act does not provide a right to contribution or indemnity and thus dismissed Third-Party Plaintiffs' Complaint with prejudice. However, the Court did not include a finding pursuant **FEDERAL RULE OF CIVIL PROCEDURE 54(b)** that there was no reason to delay enforcement of the dismissal.

Now before the Court is Third-Party Defendants Henderson Associates Architects, Inc. and L&S Builders Design, Inc.'s motions for finding pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(b)** (Doc. 126 & 127). Defendants Henderson Associates Architects, Inc. and L&S Builders Design, Inc. asked the Court to direct an entry of final judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(b)**. Rule 54(b) permits a district court, in a case involving multiple claims or parties, to "direct the entry of a final judgment as to one or more, but fewer than all, [of the] claims or parties" only upon an express determination that there is no just reason for delay. **FED. R. CIV. PRO. 54(b).**

The Court finds that there is no just reason for delaying entry of judgment on Third-Party Plaintiffs' Complaint for contribution. The Court's ruling, dismissing with prejudice Third-Party Plaintiffs' complaint for contribution, disposes of all the claims against Third-Party Defendants (Doc. 109). *See U.S. v. Ettrick*

***Wood Products, Inc.***, 916 F.2d 1211, 1217 (7th Cir. 1990) (entry of 54(b) requires that court "reach a judgment that is final in the sense that it…finally resolves all claims against a particular party or parties." (citing ***Steve's Homemade Ice Cream, Inc. v. Stewart***, 907 F.2d 364 (2d Cir. 1990)).

Therefore, the Court **GRANTS** Defendants Henderson Associates Architects, Inc. and L&S Builders Design, Inc.'s motions for finding pursuant to Rule 54(b) (Doc. 126 & 127) and **FINDS** that there is no just reason for delay of entry of judgment on Third-Party Plaintiffs' Complaint. The Court directs the Clerk to enter judgment pursuant to Rule 54(b) accordingly.

**IT IS SO ORDERED.**
Signed this 11th day of May, 2009.

/s/       *David R Herndon*

**Chief Judge**
**United States District Court**