IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHANRIE CO., INC., DAN SHEILS,
NETEMEYER ENGINEERING
ASSOCIATES, INC., FOREST HILLS, L.P.,
THE MARK TWAIN TRUST, PAMELA BAUER,
and BRIAN BAUER,

Defendants,

and

NETEMEYER ENGINEERING                                                No. 07-491-DRH
ASSOCIATES, INC., FOREST HILLS, L.P.,
MARK TWAIN TRUST, PAMELA BAUER, and
BRIAN BAUER,

Defendants/Third-Party Plaintiffs,

v.

RHUTASEL AND ASSOCIATES, INC., L&S
BUILDERS DESIGN, INC., HENDERSON
ASSOCIATES ARCHITECTS, INC., THOUVENOT,
WADE & MOERCHEN, INC., and BUILDERS
DESIGN HOLLANDER ARCHITECTS, P.C.,

Third Party Defendants.

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I. Introduction

Before the Court is Third-Party Defendant Thouvenot, Wade &

Moerchen, Inc.'s ("TWM") motion for costs (Doc. 114) and request for order to show cause and motion for award of attorney's fees (Doc. 116), filed subsequent to the Court's February 2, 2009 Order (Doc. 109) granting Defendant TWM's motion to dismiss (Doc. 51). Defendants/Third-party Plaintiffs Netemeyer Engineering Associates, Inc., Forest Hills, L.P., Mark Twain Trust, Pamela Bauer, and Brian Bauer have filed an objection to TWM's motion for attorney's fees (Doc. 119). The Court will now address these objections to determine the proper amount of costs and attorney's fees, if any, taxable to Third-party Plaintiffs.

## II. Analysis

### A. Bill of Costs

Defendant moves, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(d)** for an award of costs as set forth in the Bill of Costs (Doc. 114). Along with its Bill of Costs, Defendant has attached the relevant invoices in order to verify each cost claimed. The costs are as follows:

| | | | |
|---|---|---|---:|
| (1) | Fees of the Court Reporter | $ | 554.30 |
| (2) | Fees for exemplification and copies of papers | $ | 388.69 |
| **TOTAL:** | | **$** | **942.99** |

Taxable costs are allowed pursuant to **28 U.S.C. § 1920.**[1] In this case,

---

[1] **28 U.S.C. § 1920 Taxation of Costs**, states in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

the Court will also follow the guidance provided by its own **LOCAL RULE 54.2** regarding taxation of costs.[2]  However, it is within the district court's discretion to determine which costs Third-party Defendant seeks fall within the ambit specifically recognized by law and whether these claimed expenses are also reasonable, given the circumstances.  ***See State of Ill. v. Sangamo Construction Co.*, 657 F.2d 855 863-64 (7th Cir. 1981)**).

Defendant seeks reimbursement of court reporter fees for the

---

>>(3) Fees and disbursements for printing and witnesses;
>>(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>>(5) Docket fees under section 1923 of this title;
>>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under
>>section 1828 of this title.
>
>A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[2] **Local Rule 54.2** essentially mirrors the federal statute and states in pertinent part:

>Only those items authorized by law may be taxed as costs.  Not all trial expenses are taxable as costs.  Costs shall be taxed in accordance with Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  Items taxable as costs include the following:
>>(1) fees of the clerk and marshal, 28 U.S.C. §§ 1914, 1920(1), and 1921;
>>(2) court reporter fees, 28 U.S.C. § 1920(2);
>>(3) witness fees including travel and subsistence, 28 U.S.C. § 1920(3);
>>(4) printing, copying, and exemplification fees when necessary for use in the case, 28 U.S.C. § 1920(4);
>>(5) docket fees, 28 U.S.C. §§ 1920(5) and 1923;
>>(6) deposition fees when used at trial and, in the court's discretion, other deposition fees when reasonably necessary to the case, 28 U.S.C. § 1920(2),(3),(6);
>>(7) interpreter and court appointed expert fees, 28 U.S.C. §§ 1828 and 1920(6); and
>>(8) fees and expenses otherwise taxable as costs as provided by law

Depositions of William Henderson, Stephen Hollander, and Leonard Land. Court reporter fees are allowable under **28 U.S.C. § 1920** as long as they are reasonably necessary to the case at the time taken. **28 U.S.C. § 1920()(2);** *see also Cengr v. Fusibond Piping Sys., Inc.*, **135 F.3d 445, 455 (7th Cir. 1998) (Court must consider whether the deposition was "reasonably necessary" to case at time taken; the use of a deposition in summary judgment motion or at trial is not definitive for determining whether it was necessary for the case)**. The parties do not dispute that the depositions were necessary for this case. Depositions of Henderson, Hollander, and Land, were used by TWM's co-defendants in their respective motions of summary judgment to help substantiate their arguments.[3] However, the cost of delivery is not normally recoverable because under Judicial Conference Guidelines, costs of delivery of transcripts are considered ordinary business expenses. *Alexander v. CIT Tech. Fin. Servs.*, **222 F. Supp. 2d 1087, 1091 (N.D. Ill. 2002); See also COURT REPORTER MANUAL, ch. 20, pt. 20.9.4**. Therefore, the Court will **DISALLOW** the $7.00 associated with delivery of the depositions. The remaining costs associated with the court report are allowed. Therefore, TWM is entitled to **$547.30** in court reporter fees.

TWM also seeks $388.69 in copying costs for various documents from its co-defendants. **Section 1920(4)** allows for copies of papers necessarily obtained

---

[3] The Court notes that while several of the Third-party Defendants filed motions for summary judgment, they were ultimately determined to be moot (Doc. 110) subsequent to the Court's Order granting the motions to dismiss (Doc. 109).

for use in the case. There is no dispute the copies of prior pleadings and documents from co-defendants was necessary for this case. Therefore, the Court allows those costs.

Therefore, Defendant TWM's request for costs, as reflected in its Bill of Costs (Doc. 114) is hereby **GRANTED IN PART AND DENIED IN PART**, the Court having determined that certain costs are taxable but not in the amount originally requested by Defendant.

The following items are properly taxable against Third-Party Plaintiffs:

(1)   Feeds of the Court Reporter                         $547.30

(2)   Fees for copies                                     $388.69

_____

**TOTAL:**                                                **$935.99**

The Clerk of the Court shall therefore enter a taxation of costs against Third-Party Plaintiffs in this matter in accordance with this Order in the total amount of **$935.99**.

**B.   Attorney's Fees**

Third-party Defendant TWM has also filed a Motion for Award of Attorney's Fees (Doc. 116). TWM argues that it is entitled to attorney's fees because Third-party Plaintiffs have violated **FEDERAL RULE OF CIVIL PROCEDURE 11(b)** as TWM alleges that Third-party Plaintiffs claim against TWM for contribution was

baseless as the FHA did not allow for contribution.  Specifically, TWM argues that Third-party Plaintiffs failed to make a reasonable inquiry into their claims.  Third-party Plaintiffs have filed a response, objecting to TWM's motion and arguing that they had not violated Rule 11 as their action was grounded in fact and law and made in good faith.

**FEDERAL RULE OF CIVIL PROCEDURE 11(b)** sets forth an ethical standard regarding the representations a licensed and practicing attorney makes to a court as follows:

> By presenting to the Court a pleading, written motion, or other paper - - whether by signing, filing, submitting, or later advocating it - - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

One of the basic purposes of Rule 11 is "to deter baseless filings in the district court..." ***Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) (quoting *Cooter & Gell v. Hartmarz Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110**

**L.Ed.2d 359 (1990))**. To carry out this purpose, Rule 11 imposes on parties a responsibility to file papers with the Court only when a party has reasonable basis in fact and law for the proposition it is advocating. ***Indianapolis Colts v. Mayor & City Council of Baltimore*, 775 F.2d 177, 181 (7th Cir. 1985).** The Seventh Circuit has cautioned, however, that Rule 11 sanctions should not be imposed simply when a party is "wrong on the law." ***Harlyn Sales Corp. Profits Sharing Plan v. Kemper Fin. Serv., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993) (citing *Mars Steel Corporation v. Continental Bank, N.A.*, 880 F.2d 928, 932 (7th Cir. 1989))**. The Rule should not be used every time a complaint is dismissed. ***Id***. Rather, Rule 11 should be utilized "with utmost care and caution" as such a violation "carries intangible costs for the punished lawyer or firm," affecting a firm's reputation. ***FDIC v. Tekfen Construction and Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir. 1988).**

Here, Third-party Plaintiffs argue that their claims were based on a reasonable inquiry into both the facts of the case and the law, that their claims were brought in good faith, and that their claims were warranted by existing law or a good faith argument for modification of existing law. Third-party Plaintiffs argue that their claim for contribution was grounded in law as they carefully reviewed case law as to contribution and the Fair Housing Act. They also relied on a decision by this Court in a companion case to the present action, ***United States of America v. Shanrie Co., Inc., et al.*, Case No. 07-491-DRH,** for their belief that contribution would be

allowed in this case. Third-party Plaintiffs point to this Court's finding in that companion case that all participants in the process, even those who play a small role, are liable for violations for the FHAA, to support their argument that Congress would want parties to be able to seek contribution under the FHA. Based on their reading of the case law and their argument that a compelling reason existed for presuming Congress wanted a right to contribution to be enforced, Third-party Plaintiffs argued that from their research into the factual situation they believed that TWM was responsible for preparing the designs at Rockwood and thus were liable for contribution.

While the Court did not agree with Third-party Plaintiffs that a right to contribution existed under the FHA or that Congress intended for a right to contribution to be enforced, the Court does not find that Third-party Plaintiffs' legal argument for the basis of such a claim rose to the level that would warrant a sanction under Rule 11. Their stance hardly amounted to a "callous disregard for governing law." **Haryln, 9 F.3d at 1269 (quoting *Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992))**. As the Court noted in its Order granting TWM's motion to dismiss (Doc. 109), the Seventh Circuit had never addressed the issue of whether a right to contribution existed under the FHA. Third-party Plaintiffs' argument suggested that an action for contribution should be read into the FHA based on its interpretation of an Order of this Court in the previous *Shanrie* case. Although the Court ultimately rejected TWM's arguments and its reliance on the companion *Shanrie* case because the case did not involve contribution, the Court finds that the Third-party

Plaintiffs' claims were not entirely baseless or entirely disregarded governing law as very few courts had been given the opportunity to address the issue at the time of this Court's decision.

Therefore, the Court **DENIES** TWM's Request for Order to Show Cause and Motion for Award of Attorney's Fees (Doc. 116).

### III.   Conclusion

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** TWM's motion for costs (Doc. 114) and **DENIES** TWM's Motion for Award of Attorney's Fees (Doc. 116).

**IT IS SO ORDERED.**

Signed this 17th day of March, 2010.

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**